

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel. | ) | |
| CAESARS ENTERTAINMENT | ) | |
| OPERATING CO., INC., et al., | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | WD78693 |
| | ) | |
| MISSOURI COMMISSION ON | ) | FILED: April 19, 2016 |
| HUMAN RIGHTS, et al., | ) | |
| Respondents. | ) | |

**Appeal from the Circuit Court of Cole County**
**The Honorable Patricia S. Joyce, Judge**

**Before Division Four: Alok Ahuja, C.J., and Thomas H. Newton**
**and James Edward Welsh, JJ.**

**PER CURIAM:**

Caesars Entertainment Operating Company appeals the circuit court's dismissal of its petition for a writ of mandamus. In its petition, Caesars challenged the Missouri Commission on Human Rights' issuance of a right to sue letter to one of Caesars' former employees, on the basis that the former employee's administrative complaint of discrimination was untimely in substantial part. Based on the holding in *State ex rel. Tivol Plaza, Inc. v. Missouri Commission on Human Rights*, No. WD78477 (Mo. App. W.D. April 12, 2016) (en banc), we dismiss Caesars' appeal.

**Factual Background**

Rebecca Gleason was employed by Caesars at a casino in North Kansas City. On November 1, 2012, Caesars terminated Gleason's employment. Over a year later, on November 27, 2013, Gleason filed a charge of discrimination with the Commission. In her administrative complaint, Gleason alleged that Caesars subjected her to gender-based harassment during her employment, and terminated her employment on the basis of gender, in violation of the Missouri Human Rights Act ("MHRA"), §§ 213.010-213.137, RSMo. Gleason's administrative charge alleged that Caesars engaged in further unlawful gender discrimination when it opposed her claim for unemployment benefits in June 2013.

Caesars challenged the timeliness of Gleason's administrative charge before the Commission. Caesars asked the Commission to find that Gleason's complaint was untimely to the extent that it challenged any actions which occurred more than 180 days before the complaint was filed. *See* § 213.075.1, RSMo.

On June 19, 2014, more than 180 days after the filing of Gleason's administrative complaint, the Commission issued Gleason a right to sue notice in response to her request. *See* § 213.111.1, RSMo. The Commission's letter stated that it had not completed its administrative processing of the complaint; in particular, the letter stated that the Commission had made no determination as to its own jurisdiction.

On July 17, 2014, Caesars filed a petition for writ of mandamus in the circuit court. The petition named as respondents the Commission and its Executive Director in her official capacity. The petition requested that the circuit court order the Commission "to withdraw and vacate the [June] 19, 2014 Right to Sue Notice . . . with respect to any claims based upon alleged MHRA violations occurring prior to May 31, 2013, and for such other relief as the Court deems proper." Although the petition acknowledged that Gleason's claims relating to Caesars'

2

opposition to her claim for unemployment benefits were timely, the petition alleged that the Commission was required to find that Gleason's other claims were untimely.

The circuit court issued summonses on July 30, 2014, directing the respondents to answer the petition. The court did not issue preliminary orders in mandamus as required by Supreme Court Rule 94.

The Commission filed a motion to dismiss Caesars' mandamus petition on October 3, 2014. The motion argued that Caesars had failed to state a claim because it "cannot establish either that the Commission was required to determine its jurisdiction over specific claims prior to issuing the right to sue letter or that [Caesars] was prejudiced by the issuance of the letter."

On April 27, 2015, the circuit court issued a seven-page judgment granting the Commission's motion to dismiss. In its judgment, the court concluded that the Commission was required by § 213.111.1, RSMo to issue Gleason a right to sue letter without separately determining the timeliness of Gleason's administrative complaint, because 180 days had elapsed since the filing of the administrative complaint, and Gleason had requested that a right to sue letter be issued. The judgment also concluded that *Farrow v. St. Francis Medical Center*, 407 S.W.3d 579 (Mo. banc 2013), on which Caesars relied, was distinguishable, because in this case Caesars raised the timeliness issue before the Commission, and therefore "ha[s] properly preserved in any subsequent litigation between Gleason and [Caesars] [its] defense that some (or all) of Gleason's claims are untimely."

Caesars appeals.

## Discussion

In *State ex rel. Tivol Plaza, Inc. v. Missouri Commission on Human Rights*, No. WD78477 (Mo. App. W.D. April 12, 2016) (en banc), this Court addressed a case which was in all material respects identical to this one. In *Tivol*, as here, an employer sought to challenge the

3

Commission's issuance of a right to sue letter by arguing that a former employee's administrative complaint of discrimination was untimely. In *Tivol*, as here, the employer asserted its timeliness challenge by filing a petition for a writ of mandamus in the circuit court. Finally, in *Tivol*, as here, the circuit court issued a summons to the Commission, requiring it to answer the employer's mandamus petition, rather than a preliminary order in mandamus as required by Supreme Court Rule 94.

In *Tivol*, a majority of the Court held that, because the circuit court had issued a summons rather than a preliminary order in mandamus at the outset of the case, the Court lacked authority to consider the employer's appeal; instead, the employer's remedy following the circuit court's denial of relief was to file an original writ petition in a higher court. The majority in *Tivol* stated that, "while we have the discretion to hear appeals on the merits in cases in which the circuit court issues a summons rather than a preliminary order, as an intermediate appellate court charged with the duty to enforce the Supreme Court Rules, we do not believe it is our place to continually excuse compliance with the procedural rules written by the Missouri Supreme Court." Slip op. at 7. *Tivol* also held that a petition for writ of mandamus was not the appropriate vehicle to seek review of the timeliness of an employee's administrative complaint, because mandamus was available only to enforce "ministerial duties" where the relator "has a clear, unequivocal, specific right to a thing claimed," while "[t]imeliness is an issue that can require extensive investigation" of complex factual circumstances. *Id.* at 8. Based on these conclusions, *Tivol* dismissed the employer's appeal.

As indicated above, this case is materially indistinguishable from *Tivol*, and our disposition of this appeal is controlled by the result reached by the full Court in that case.

**Conclusion**

The appeal is dismissed.

4